**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-2265**

───────────────

LAMAR A. WILLIAMS,

            Plaintiff-Appellant,

        v.

JUDICIAL COUNCIL FOR THE FOURTH CIRCUIT; DISTRICT OF MARYLAND, DEPARTMENT OF JUSTICE, U.S. Attorney's Office District of Maryland; U.S. COURT OF APPEALS FOR THE FOURTH CIRCUIT; U.S. MARSHALS SERVICE OF MARYLAND, DEPARTMENT OF JUSTICE, U.S. District Court of Maryland; UNITED STATES OF AMERICA; PROBATION AND PRETRIAL SERVICES OFFICE; FEDERAL PUBLIC DEFENDER FOR THE DISTRICT OF MARYLAND; MAGISTRATE JUDGE SELECTION PANEL, United States District Court for the District of Maryland; U.S. SUPREME COURT; BALTIMORE COUNTY POLICE DEPARTMENT; UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND,

            Defendants-Appellees.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, Senior District Judge.  (1:21-cv-00537-DKC)

───────────────

Submitted:  April 12, 2022                 Decided:  November 18, 2022

───────────────

Before Diarmuid F. O'SCANNLAIN, Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation; Jane R. ROTH, Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation; Julia S. GIBBONS,

Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.[1]

---

Affirmed by unpublished per curiam opinion.

---

Lamar A. Williams, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

---

[1] As all members of the United States Court of Appeals for the Fourth Circuit are recused in this case, a panel of judges from outside the Circuit was appointed by the Chief Justice for this appeal pursuant to 28 U.S.C. §§ 291, 294 (2018).

PER CURIAM:

Lamar Williams appeals the district court's orders dismissing his complaint and denying his motions for reconsideration. As the facts are known to the parties, we repeat them only as necessary to explain our decision. We affirm.

I

The district court did not err in dismissing Williams's complaint. *See Williams v. Fourth Circuit, et al.*, No. DKC-21-537 (April 30, 2021 Order) (dismissing Williams's complaint). As an initial matter, Williams has forfeited any material challenges to the district court's order dismissing his complaint. Our review is limited to issues raised in the informal brief. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.") (citing 4th Cir. R. 34(b)); *see also, e.g.*, *Williams v. Giant Food Inc.*, 370 F.3d 423, 430 n.4 (4th Cir. 2004) (requiring an informal brief to challenge with specific arguments the bases for the district court's disposition). Williams's informal brief does not adequately challenge the basis for the district court's order dismissing his complaint and therefore fails to preserve any material challenges to the order. And even if Williams had preserved such challenges, his informal brief still fails to persuade—it provides no reasons for concluding that the district court erred, and we are persuaded that the district court properly dismissed Williams's claims against the named entities. *See, e.g.*, *Williams v. Fourth Circuit, et al.*, No. DKC-21-537 (April 30, 2021 Order), at *5-12.

3

II

The district court did not err in denying Williams's motions for reconsideration. *See Williams v. Fourth Circuit, et al.*, No. DKC-21-537 (October 8, 2021 Order) (denying motions for relief from the judgment and to alter and amend the judgment). Although Williams sought reconsideration under both Rule 59(e) and Rule 60(b), his request for reconsideration "should be treated as a motion under Rule 59(e)." *MLC Auto. LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (cleaned up). "A Rule 59(e) motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (cleaned up); *id.* (describing relief under Rule 59(e) as an "extraordinary remedy that should be applied sparingly"). Williams has failed to establish that he was entitled to such reconsideration: he has failed to identify any intervening changes in the controlling law, to identify new evidence not available at trial, or to establish that reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Accordingly, the district court did not abuse its discretion in denying Williams's motions for reconsideration.

\*          \*          \*

We deny Williams's motion for an emergency injunction and any related relief because Williams has failed to make the requisite showing. *See* Fed. R. App. P. 8; *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). We dispense with oral argument because the facts

4

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.[2]

*AFFIRMED*

---

[2] We caution Mr. Williams that repeatedly filing claims that are barred or frivolous may result in an order limiting his ability to file in this court. *See, e.g.*, *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004).